Marshall, C. J.
The relator, Edward 0. Kauffman, was claimant against the workmen’s compensation fund for injuries alleged to have been suffered in the course of employment on or about July 1, 1925. Compensation was allowed by the Industrial Commission, and paid until April 4, 1926, at which time further compensation was denied. Thereupon the usual steps were taken to perfect an appeal to the court of common pleas, and on December 21, 1927, relator recovered a verdict before the court of common pleas of Hamilton county, Ohio, which verdict was in the usual form: “We, the jury, being duly impaneled and sworn, find the issues in this case in favor of the plaintiff, Edward 0. Kauffman, and that said plaintiff is entitled to participate in the workmen’s compensation fund.” Thereupon judgment was entered, the pertinent portion of the entry being in the following language: “The court coming now to pronounce judgment on the verdict of the jury heretofore rendered herein, hereby orders and adjudges that the plaintiff Edward 0. Kauffman, is entitled to participate in the Workmen’s Compensation fund of the Industrial Commission of Ohio, and hereby orders compensation to be paid in the manner provided by the Workmen’s Compensation Law.”
This action being certified to the commission, further compensation was paid, covering the period from April 4, 1926, until December 31, 1926. The commission refusing to pay compensation beyond the latter date, claimant again applied for further compensation, and on June 4, 1929, the commission found that the proof was not sufficient to show that the relator was suffering disability as a result of the *474 injury, and for that reason the commissi on refused to pay further compensation. The relator did not prosecute an appeal from that order, but filed in this court a petition in mandamus to compel the Industrial Commission to pay compensation beyond December 31,1926. An answer was filed to the petition, and the foregoing facts appear without contradiction in the pleadings in this court. No evidence has been taken, and the cause is submitted for the judgment of this court upon the pleadings.
The petition in this court prays a writ of mandamus commanding the Industrial Commission to issue a warrant in favor of relator for compensation on a rating of total disability from December 31, 1926, to April 2,1929.
Actions in mandamus in this state are governed by Section 12283, General Code, and under the terms of that statute can only command the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. In this case the writ can only be awarded if the judgment already referred to found that Kauffman was permanently and totally disabled. .The judgment speaks for itself. It only finds that Kauffman is entitled to participate in the fund and to be paid in the manner provided by the Workmen’s Compensation Law. It is true that the petition in the court of common pleas alleged that he was permanently and totally disabled, and the answer denied that allegation. Those allegations are not conclusive. The policy of the law is expressed in Section 1465-90, General Code, and states with particularity what may be heard by the court of common pleas and what the verdict of the jury may award. It also provides *475 with equal particularity as to what the judgment of the court may order. The verdict and the judgment in this case conform to the statute. By the verdict and judgment it becomes conclusive upon the commission that Kauffman was entitled to some compensation further than that which had already been awarded to him by the commission. The extent of the further disability and the extent of the further compensation could only be ascertained by the commission. Upon receiving the certificate from the court the commission proceeded to make further inquiry, and, upon the evidence adduced at the time of that inquiry, found that plaintiff was disabled until December 31, 1926, and further found that the evidence did not show disability beyond that date. These are the allegations of the answer of the Industrial Commission filed in this court, and relator filed no reply to that answer. They must therefore be taken as true for the purposes of the disposition of this case upon the pleadings. Upon the strength of these allegations the commission has complied with the judgment of the court. We are not concerned with the wisdom of Section 1465-90, but, even if that statute did not define the duty of the court in such specific terms, it is difficult to see how the jury could determine the length of time that the claimant would continue to be disabled. Any attempt on the part of the jury to determine the condition of the claimant for any future period would necessarily be speculative.
It is claimed by relator that the evidence adduced before the court upon the appeal may have shown that the claimant was totally disabled at the time of the hearing, and that the hearing in fact took place *476 many months after December 31, 1926. We are not informed by the allegations of the pleadings whether additional evidence was in fact introduced, but it is quite certain at this time, and may therefore be stated as a guidance to future cases, that additional evidence may not be introduced at the trial upon appeal, but that the case must be heard in court upon the evidence adduced before the commission.
There is another reason why the relator must fail in this suit. The Industrial Commission has continuing jurisdiction, and the claimant had a right to present to it his claim for further compensation based upon his physical condition after December 31, 1926; and it appears by the allegations of the answer, which are not controverted, that on or about June 4, 1929, the claimant did appear before the commission and did offer proof, but that the commission found that he was not suffering disability as result of his injuries, and therefore refused to pay further compensation. He not only had a remedy at law, but it appears from the allegations of the pleadings that he invoked that remedy.
For both the foregoing reasons the writ must be denied.

Writ denied.

Kinkade, Robinson, Jones, Matthias, Day and Ablen, JJ., concur.